# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
|  |  | CASE NO._____ |
|  |  | JURY |
| CURTIS R ALSOBROOK, | § |  |
| **Individually and on Behalf of All** | § |  |
| **Other Persons Similarly Situated,** | § |  |
|  | § |  |
| **Plaintiff,** | § |  |
|  | § |  |
| **v.** | § |  |
|  | § |  |
| **PORTFOLIO RECOVERY ASSOCIATES** | § |  |
| **LLC,** | § |  |
|  | § |  |
| **Defendant.** | § |  |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT
## AND JURY TRIAL DEMAND.

Plaintiff CURTIS R. ALSOBROOK, Individually and on Behalf of All Other Persons Similarly Situated, files this Plaintiff's Original Class Action Complaint and Jury Trial Demand complaining of Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. This action is filed for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiff alleges as follows.

## PARTIES

1.   Plaintiff Curtis R. Alsobrook is a Texas citizen and resident of Henderson County, Texas.

2.   Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PRA") is, upon information and belief, a Delaware limited liability company, but which

fails to maintain a registered agent in the State of Texas. Its principal office is located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502. Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant has not designated or maintained a resident agent for service of process in Texas, as required by statute, and engages in business in Texas.

## JURISDICTION AND VENUE

3.    This Court has federal question jurisdiction over this case under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this state and subject to personal jurisdiction throughout the state; (ii) Defendant transacts business in the State and in the District because it has purchased contracts with residents of the District; (iii) Defendant further transacts business in the State and in the District because it is attempting to collect debts in the state and District; (iv) Defendant has committed illegal acts in the District, and (v) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

5.    PRA is a bulk purchaser of debts that are in default.  Those debts include motor vehicle retail installment contracts in the State of Texas.  PRA seeks to collect the alleged debts on those retail installment contracts in the State of Texas.

6.      Under Tex. Finance Code § 348.501, a person may not be a holder of the retail installment contract unless the person: (1) is an authorized lender or a credit union; or (2) holds a license issued under Chapter 348.  PRA is not an authorized lender or a credit union and does hold a license under Tex. Finance Code Ch. 348.   Therefore, PRA is not entitled to collect on the motor vehicle retail installment contracts nor can it be a holder.

7.      Plaintiff Curtis Alsobrook  was a purchaser of a vehicle on a motor vehicle retail installment contract.  PRA has asserted that it is the holder of Plaintiff's retail installment contract as assignee of Ford Motor Credit and Defendant PRA attempted to collect on that contract.  PRA sent a demand letter to Plaintiff falsely alleging that the debt was owed to PRA.  Because PRA was not an authorized lender, credit union or license holder under Tex. Finance Code Ch. 348, the debt is not owed to PRA.

8.      PRA is seeking to collect on motor vehicle retail installment contracts against class members throughout the State of Texas and misrepresenting through demand letters and lawsuits that those debts are owed to PRA.

## CLASS ACTION

9.      Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this suit individually and as representative of a class of similarly situated persons.  The Court should enter an order to certify a Plaintiff Class consisting of:

All persons listed in PRA's records as a debtor to PRA on a motor vehicle retail installment contract and for whom:

(1) the debt originated in Texas;

(2) the retail installment contract reflects that the vehicle will be used for personal, family, or household purposes;

(3) no petition for bankruptcy has been filed;

(4) no agreement exists waiving FDCPA claims against PRA;

(5) the debt has not been reduced to judgment; and

(6) PRA either:

    a. sent a letter to the person on or after the date one year before this suit was filed, or

    b. filed a petition in a Texas court to collect a debt from the person on or after the date one year before this suit was filed.

Specifically excluded from the class are all federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendant.

The proposed plaintiff class meets the prerequisites of a class.

10.   The class is so numerous that joinder of all members is impracticable.  Plaintiff is unable to state the exact number of the members of the class without the discovery of information available to Defendant, but upon information and belief, aver that there are hundreds of class members. The number of the members of the class makes it impracticable to bring them all before the Court.

11.    There are questions of law and fact common to the class.   These questions

predominate over any questions affecting only individual members of the class.

The questions of fact and law affecting the class as a whole, include, but are not

limited to:

- whether Defendant's representations about the owner of the debt were false;

- whether Defendant's misrepresentations violated the FDCPA;

- whether Defendant's violations of the FDCPA entitle the alleged debtors to monetary relief;

- whether Defendant's misrepresentations violated the Texas Debt Collection Act ("TDCA");

- whether Defendant's violations of the TDCA entitle the alleged debtors to injunctive relief;

- whether Defendant's violations of the FDCPA and TDCA entitle the alleged debtors to collect attorneys' fees from PRA.

12.    Plaintiff's claims are typical of the claims of the class.  The claims have the same

essential characteristics as the claims of the members of the class as a whole and

are based upon identical legal theories.  It is the same course of conduct that

serves as the gravamen of the claims against Defendant.  The members of the

class have suffered the same type of injury and possess the same interests as

Plaintiff.   The single resolution of these claims would be preferable to a

multiplicity of similar actions.

13.    Plaintiff, as the representative party, will fairly and adequately protect the interests of the class.   The counsel representing Plaintiff and the class are qualified, experienced and able.

14.    This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

15.    This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

16.    *Predominance*.  The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.  The underlying facts are largely undisputed and liability will be determined as a matter of law.  The few facts that are disputed will be resolved without the participation of individual class members.  Plaintiff's claims do not present individual questions of causation or reliance.  The facts of Defendant's practice are common to all members.

17.     *Superiority.*  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Given the large size of the class, individual adjudication of the claims would require thousands of lawsuits.  Moreover, intervention and joinder would require the intervention or joinder of thousands of parties.  Individual adjudication, intervention and joinder, therefore, are not reasonable options.  Class treatment is superior to all other methods of adjudicating the claims of the putative class.

18.     *Individual control.*  The interests of members of the class in individually controlling the prosecution or defense of separate actions do not outweigh the benefits of class treatment.  Members of the class possess claims for economic damages that in most instances do not exceed a few thousand dollars.  Thus, no individual class member possesses an overriding interest in the right to retain counsel and litigate to conclusion an individual claim.  In fact, individual adjudication of these claims remains wholly impractical.  The class members would be compelled to spend substantially more money on attorneys' fees and case costs to prosecute their individual claim than the amount of each individual claim.  The interest of members of the class in individually controlling the prosecution or defense of separate actions, therefore, does not outweigh the benefits of class treatment.

19.     *Other factors.*  On information and belief, there are few, if any, other cases pending by or against members of the class raising the claims asserted herein.

This Court is the desirable forum for this controversy because the Defendant transacts business in this District.  No significant difficulties are likely to be encountered in the management of a class action.  Plaintiff will be able to identify class members through discovery of Defendant's extensive computer database storing information regarding past and present collection efforts and lists of alleged debtors.  Thus, no difficulties exist regarding the identification of class members.

## COUNT 1

### (Claim for damages under FDCPA)

20.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

21.     Defendant PRA is a "debt collector" as defined by 15 U.S.C.A. § 1692a (6), and subject to the FDCPA, because it either purchased the debts at issue while they were in default or attempted to collect debts asserted to be owed or due to another.

22.     The prohibitions contained in the FDCPA apply to any and all of Defendant's attempts to collect on debt against Plaintiff and members of the Plaintiff class.

23.     The FDCPA prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt:"

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following

conduct is a violation of this section: …

> (2) The false representation of--
>     (A) the character, amount, or legal status of any debt; or …

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. …

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.  Defendant's misrepresentations set out above violate both the

general prohibition and the specific prohibitions in subsections 2, 5, and 10.

24.     The FDCPA also prohibits the use of unfair practices:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.  Defendant's misrepresentations set out above constitute an

unfair and/or unconscionable means to collect or attempt to collect any debt in

violation of 15 U.S.C. § 1692f.

25.     The FDCPA provides for monetary damages as follows:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

> **(1)** any actual damage sustained by such person as a result of such failure;

> **(2) (A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

> **(B)** in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a

minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

**(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. …

15 U.S.C. § 1692k (a).

26.     Class members and the named Plaintiff are entitled to collect from Defendant actual damages in the amount of any payments made to Defendant; such statutory damages as the Court may allow; and the costs of this action.

27.     Plaintiff, individually and as representatives of the class, has been forced to retain counsel to assist in bringing this action.  As such, Defendant is liable to the Plaintiff and the class for reasonable attorneys' fees.

## COUNT 2

### (Claim for relief under TDCA)

28.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

29.     PRA is a "debt collector" under the TDCA and subject to the TDCA.

30.     The prohibitions contained in the TDCA apply to Defendant's attempts to collect on Plaintiff's and class members' alleged debts.

31.     The Texas statute prohibits fraudulent, deceptive, or misleading representations:

Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: …

> (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; …

> (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

*Id*. § 392.304 (a).   Defendant's misrepresentations set out above violate those prohibitions.

32.    The Texas statute provides the following relief:

> (a) A person may sue for:
> (1) injunctive relief to prevent or restrain a violation of this chapter; and
> (2) actual damages sustained as a result of a violation of this chapter.

> (b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs. …

*Id*. § 392.403.

33.    Defendant's conduct set out above violates TEX. FIN. CODE § 392.304 (a).   Plaintiff and the plaintiff class request that the Court issue a permanent injunction enjoining and restraining Defendant from attempting to collect alleged debt by misrepresenting to whom the debt is owed.

34.    Class members and the named Plaintiff are entitled to collect from Defendant actual damages in the amount of any payments made to Defendant, and the costs of this action.

35.     Plaintiff, individually and as representatives of the class, has been forced to
retain counsel to assist in bringing this action.  As such, Defendant is liable to the
Plaintiff and the class for reasonable attorneys' fees.

## JURY DEMAND

36.     Plaintiff requests a trial by jury against Defendant on all issues triable as a matter
of right.

WHEREFORE, Plaintiff, individually and on behalf of all other persons similarly
situated, requests that Defendant be cited to appear and answer in this action, and that
upon final trial of this cause, the Court issue judgment that Plaintiff and the Plaintiff
Class have and recover over and against Defendant a judgment for the actual and
statutory damages made the basis of this lawsuit, reasonable and necessary attorney's
fees, and costs of court, plus an injunction as set out above.  Plaintiff, individually and
on behalf of all other persons similarly situated, also requests all other relief to which
the Plaintiff and the Plaintiff Class are justly entitled.

Respectfully submitted,


By:   /s/Bonner C. Walsh
       **Jeffrey L. Weinstein**
       **State Bar No. 21096450**
       **Bonner C. Walsh**
       **State Bar No. 24051766**

JEFFREY L. WEINSTEIN, P.C.
518 East Tyler Street
Athens, Texas   75751
903/677-5333
903/677-3657 – facsimile
Jeff@LonghornLawyer.com
Bonner@LonghornLawyer.com

**ATTORNEYS FOR PLAINTIFF**